IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 21 2004

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

MOLLY M. JONES, AS ADMINISTRATOR OF THE
ESTATE OF CODY M. KELLEY, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE AND WRONGFUL
DEATH BENEFICIARIES OF CODY M. KELLEY, DECEASED       PLAINTIFF

VS.                     Case No. 3:04CV00257 JLH

WILLIAM C. YOUNG, M.D.;

DAVID M. LEWIS, M.D.;

OTOLARYNGOLOGY & FACIAL SURGERY
CENTRE OF NORTHEAST ARKANSAS, P.A.;

JONATHAN C. WELSH, M.D.;

ASSOCIATED RADIOLOGISTS, LTD.;

ST. BERNARDS BEHAVIORAL HEALTH
SERVICES, INC.;

This case assigned to District Judge Holmes
and to Magistrate Judge Ray

ST. BERNARDS COMMUNITY HOSPITAL
CORPORATION;

ST. BERNARDS DEVELOPMENT FOUNDATION;

ST. BERNARDS HEALTHCARE;

ST. BERNARDS HEALTHCARE ASSOCIATED
REGIONAL PROVIDERS, INC.; and

JOHN DOES 1-10                                        DEFENDANTS

## COMPLAINT

The Plaintiff, Molly M. Jones, as Administrator of the Estate of Cody M. Kelley, Individually and on Behalf of the Estate and Wrongful Death Beneficiaries of Cody M. Kelley, by and through her attorneys, Reid, Burge, Prevallet & Coleman and the Law Office of Wendell L. Hoskins II, and for

her Complaint and causes of action against the Defendants named above, states and alleges as follows:

## I. PARTIES AND RESIDENCY

1. Plaintiff, Molly M. Jones, is the Special Administratrix of the Estate of Cody M. Kelley, Deceased, pursuant to Craighead County Probate Court Order PR-2004-236.

2. Plaintiff brings this wrongful death and survival action on behalf of the estate and wrongful death beneficiaries of Cody M. Kelley pursuant to Ark. Code Ann. §§ 16-62-101 and 16-62-102, and all other applicable Arkansas law.

3. Plaintiff, Molly M. Jones, is an adult resident and citizen of Steele, Pemiscot County, Missouri.

4. Plaintiff's Decedent, Cody M. Kelley (hereinafter referred to as "Cody Kelley"), prior to his death, was a minor resident and citizen of Steele, Pemiscot County, Missouri.

5. Defendant, William C. Young, M.D., (hereinafter referred to as "Defendant Young") is a resident of Jonesboro, Craighead County, Arkansas, and, at all times referenced herein and alleged in this Complaint, was licensed to practice medicine in the specialty of otolaryngology and facial surgery in the State of Arkansas and was practicing medicine in said specialty at Otolaryngology & Facial Surgery Centre of Northeast Arkansas, P.A., 816-A Rains, Jonesboro, Arkansas 72401.

6. Defendant, David M. Lewis, M.D., (hereinafter referred to as "Defendant Lewis") is a resident of Jonesboro, Craighead County, Arkansas, and, at all times referenced herein and alleged in this Complaint, was licensed to practice medicine in the specialty of otolaryngology and facial surgery in the State of Arkansas and was practicing medicine in said specialty at Otolaryngology & Facial Surgery Centre of Northeast Arkansas, P.A., 816-A Rains, Jonesboro, Arkansas 72401.

7.      Defendant, Otolaryngology & Facial Surgery Centre of Northeast Arkansas, P.A., (hereinafter referred to as "the Otolaryngology Centre") is a domestic for-profit corporation doing business in Jonesboro, Craighead County, Arkansas, that is authorized to do business in the State of Arkansas since 1981 and that is engaged in the business of providing medical services to the residents of Craighead County, Arkansas and surrounding areas and is the employer of Defendants Young and Lewis. The registered agent for the corporation is William C. Young, M.D., 816-A Rains, Jonesboro, Arkansas, 72401.

8.      Defendant, Jonathan C. Welsh, M.D., (hereinafter referred to as "Defendant Welsh") is a resident of Jonesboro, Craighead County, Arkansas, and, at all times referenced herein and alleged in this Complaint, was licensed to practice medicine in the specialty of radiology in the State of Arkansas and was practicing medicine in said specialty at Associated Radiologists, Ltd., 910 South Main, Jonesboro, Arkansas 72401.

9.      Defendant, Associated Radiologists, Ltd., (hereinafter referred to as "Associated Radiologists") is a domestic for-profit corporation doing business in Jonesboro, Craighead County, Arkansas, that is authorized to do business in the State of Arkansas since 1973 and that is engaged in the business of providing medical services to the residents of Craighead County, Arkansas and surrounding areas and is the employer of Defendant Welsh. The registered agent for the corporation is William Robert Green, 910 South Main, Jonesboro, Arkansas, 72401.

10.     Defendants, St. Bernards Behavioral Health Services, Inc., St. Bernards Community Hospital Corporation, St. Bernards Development Foundation, St. Bernards Healthcare, and St. Bernards Healthcare Associated Regional Providers, Inc., (hereinafter collectively referred to as "St. Bernards") are domestic purported non-profit corporations doing business in Jonesboro, Craighead

3

County, Arkansas, engaged in the business of providing medical services to the residents of Craighead County, Arkansas and surrounding areas. The registered agent for these corporations is Ralph W. Waddell, 300 S. Church St., 3rd Floor, Jonesboro, Arkansas, 72401.

11.     John Doe 1 is the employer of Defendant Young, at all times relevant to the Defendant Young's actions as described herein. John Doe 1 is believed to be a business organized and/or incorporated under the laws of the State of Arkansas and a citizen of the State of Arkansas. John Doe 1's actual identity is not now known to Plaintiff, but it is believed that John Doe 1's identity will become known through the discovery process. Plaintiff will amend her Complaint to contain John Doe 1's actual identity when such information becomes known to Plaintiff.

12.     John Doe 2 is the employer of Defendant Lewis, at all times relevant to the Defendant Lewis' actions as described herein. John Doe 2 is believed to be a business organized and/or incorporated under the laws of the State of Arkansas and a citizen of the State of Arkansas. John Doe 2's actual identity is not now known to Plaintiff, but it is believed that John Doe 2's identity will become known through the discovery process. Plaintiff will amend her Complaint to contain John Doe 2's actual identity when such information becomes known to Plaintiff.

13.     John Doe 3 is the employer of Defendant Welsh, at all times relevant to the Defendant Welsh's actions as described herein. John Doe 3 is believed to be a business organized and/or incorporated under the laws of the State of Arkansas and a citizen of the State of Arkansas. John Doe 3's actual identity is not now known to Plaintiff, but it is believed that John Doe 3's identity will become known through the discovery process. Plaintiff will amend her Complaint to contain John Doe 3's actual identity when such information becomes known to Plaintiff.

14. John Doe 4 is the liability carrier for the purportedly non-profit St. Bernards defendants, and is properly a defendant herein pursuant to Ark. Code Ann. § 23-79-210, which authorizes a direct cause of action against the liability carrier for a nonprofit entity. John Doe 4's actual identity is not now known to Plaintiff, but it is believed that John Doe's identity will become known through the discovery process. Plaintiff will amend her Complaint to contain John Doe 4's actual identity when such information becomes known to Plaintiff. John Doe 4 is believed to be a foreign insurance company doing business in the State of Arkansas and is subject to service of process by service of summons and complaint upon the Arkansas Insurance Commissioner, 1200 W. Third Street, Little Rock, Arkansas 72201-1904.

15. John Does 5 through 10 are employees of St. Bernards who were entrusted with the care of Plaintiff's Decedent while in the care of St. Bernards. John Does 5 through 10 are believed to be citizens of the State of Arkansas. John Does 5 through 10's actual identities are not now known to Plaintiff, but it is believed that their identities will become known through the discovery process. Plaintiff will amend her Complaint to contain John Does 5 through 10's actual identities when such information becomes known to Plaintiff.

## II. JURISDICTION AND VENUE

16. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship" may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim

5

occurred . . . ." All defendants reside or are believed to reside in Craighead County, Arkansas and Plaintiff's claims result from the conduct of the defendants occurring in Craighead County, Arkansas.

### III. FACTS

18. On the morning of Monday, July 22, 2004, Plaintiff brought her son, Cody Kelley to be treated by Defendant Lewis of the Otolaryngology Centre for a severe ear infection.

19. Defendant Lewis ordered a CT scan of Cody Kelley's temporal bones, which was conducted at St. Bernards by Defendant Welsh.

20. At the time Defendant Lewis ordered the CT scan, he was aware that surgical intervention might be necessary that day to prevent Cody Kelley's death, depending upon the results of the CT scan.

21. The CT scan showed an abscess formation with mass effect in the left cerebellar hemisphere of Cody Kelley's brain, necessitating immediate surgical intervention to prevent Cody Kelley's death.

22. After reviewing the results of the CT scan, Defendant Welsh attempted to contact Defendant Lewis to discuss the results, but was told that Defendant Lewis was unavailable and that Defendant Welsh should contact Defendant Young, also of the Otolaryngology Centre, who was on call.

23. Defendant Lewis thereafter made no attempt to provide medical care to Cody Kelley or to ensure that proper medical care was provided to Cody Kelley.

24. Defendant Welsh contacted Defendant Young and discussed the results of the CT scan with him.

25. With knowledge of the results of the CT scan, Defendant Young instructed Defendant Welsh to send Cody Kelley home and have him visit the Otolaryngology Centre at 8:30 a.m. the next morning, July 23, 2003.

26. With knowledge of the results of the CT scan, Defendant Welsh and St. Bernards, through its agents, John Does 5 through 10, released Cody Kelley from their care and sent him home.

27. No surgical intervention or other appropriate course of treatment was ordered or carried out to correct the abscess on Cody Kelley's brain.

28. Cody Kelley was not monitored in any way by Defendant Lewis, Defendant Welsh, Defendant Young, John Does 5 through 10, or St. Bernards after he was released and sent home.

29. The only medication provided to Cody Kelley by Defendant Lewis, Defendant Welsh, Defendant Young, John Does 5 through 10, or St. Bernards was tylenol with codeine, which was prescribed only for the treatment of pain.

30. Cody Kelley died in the early morning hours of July 23, 2002.

31. The cause of Cody Kelley's death was the brain abscess resulting from his severe ear infection, which was revealed by the CT scan.

32. The Defendants knew or should have known that, without proper monitoring and care, Cody Kelley was at extreme risk of death.

33. The Defendants knew or should have known that, without immediate surgical intervention or other appropriate course of treatment, Cody Kelley was at extreme risk of death.

34. Proper monitoring and care would have prevented Cody Kelley's death.

35. Immediate surgical intervention or other appropriate course of treatment would have prevented Cody Kelley's death.

36. At the time of the acts complained of and at all times relevant herein, Defendants Lewis and Young were principals, agents, owners, and/or employees of the Otolaryngology Centre acting in the scope of their employment therewith.

37. At the time of the acts complained of and at all times relevant herein, Defendant Young was a principal, agent, owner, and/or employee of John Doe 1 acting in the scope of his employment therewith.

38. At the time of the acts complained of and at all times relevant herein, Defendant Lewis was a principal, agent, owner, and/or employee of John Doe 2 acting in the scope of his employment therewith.

39. At the time of the acts complained of and at all times relevant herein, Defendant Welsh was a principal, agent, owner, and/or employee of Associated Radiologists acting in the scope of his employment therewith.

40. At the time of the acts complained of and at all times relevant herein, Defendant Welsh was a principal, agent, owner, and/or employee of John Doe 3 acting in the scope of his employment therewith.

41. At the time of the acts complained of and at all times relevant herein, John Does 5 through 10 were principals, agents, owners, and/or employees of St. Bernards acting in the scope of their employment therewith.

42. The acts of the Defendants complained of herein are the direct and proximate cause of Cody Kelley's death.

43. All other factual averments made herein are incorporated by reference into the facts as though set out verbatim in this section.

## IV. CAUSES OF ACTION

44. The facts recited above are incorporated by reference and made a part hereof as though set out verbatim.

**COUNT 1 - Negligence and Medical Malpractice of William C. Young, M.D.**

45. Defendant Young was negligent in the following particulars:

   a. Defendant Young knew, or should have known, subsequent to his review of or briefing regarding the CT scan results, that Cody Kelley needed surgical intervention in order to correct the abscess on his brain and prevent his death;

   b. Defendant Young recommended no surgical intervention for Cody Kelley's brain abscess, though he knew, or should have known, that Cody Kelley's condition necessitated immediate surgery;

   c. Defendant Young affirmatively made a decision, without consulting any neurosurgeon or other physician with the necessary expertise, not to perform immediate surgery on Cody Kelley;

   d. Defendant Young negligently failed to adequately monitor and respond to the medical needs of Cody Kelley, as he sent him home, rather than keeping him in St. Bernards for monitoring and treatment; and

   e. Defendant Young otherwise failed to adhere to the applicable standard of care for otolaryngologists or similar physicians practicing in Jonesboro, Arkansas or in a similar locality.

46. As to the negligent acts set forth above, they constitute both ordinary negligence and professional negligence and are contrary to the laws of the state of Arkansas as well as contrary to the applicable standard of care for otolaryngologists in this locality or in a similar locality.

**COUNT 2 - Negligence and Medical Malpractice of David M. Lewis, M.D.**

47. Defendant Lewis was negligent in the following particulars:

   a. Defendant Lewis knew, or should have known, at the time that he examined him and ordered the CT scan, that Cody Kelley's condition was serious enough to potentially necessitate immediate surgery to prevent his death;

9

    b.    Defendant Lewis, as Cody Kelley's primary physician, failed to properly communicate the fact that Cody Kelley may need immediate surgery to prevent his death to the other physicians and medical care providers who were charged with his care;

    c.    Defendant Lewis, as Cody Kelley's primary physician, negligently failed to adequately monitor and respond to the medical needs of Cody Kelley, as he failed to check on his condition and ensure that the seriousness of his condition was known by the other physicians and medical care providers who were charged with his care;

    d.    Defendant Lewis, as Cody Kelley's primary physician, negligently failed to adequately monitor and respond to the medical needs of Cody Kelley, as he failed to check on the results of Cody Kelley's CT scan and ensure that proper measures were taken in order to provide for his care and prevent his death; and

    e.    Defendant Lewis otherwise failed to adhere to the applicable standard of care for otolaryngologists or similar physicians practicing in Jonesboro, Arkansas or in a similar locality.

48.    As to the negligent acts set forth above, they constitute both ordinary negligence and professional negligence and are contrary to the laws of the state of Arkansas as well as contrary to the applicable standard of care for otolaryngologists in this locality or in a similar locality.

**COUNT 3 - Negligence and Medical Malpractice of Jonathan C. Welsh, M.D.**

49.    Defendant Welsh was negligent in the following particulars:

    a.    Defendant Welsh knew, or should have known, subsequent to his review of the CT scan results, that Cody Kelley needed surgical intervention in order to correct the abscess on his brain and prevent his death;

    b.    Although Defendant Welsh knew, or should have known, subsequent to his review of the CT scan results, that Cody Kelley needed surgical intervention in order to correct the abscess on his brain and prevent his death, Defendant Welsh negligently failed to adequately communicate the seriousness of Cody Kelley's condition or the necessity of surgery to Defendant Young or any other physician or medical care provider;

10

c. Defendant Welsh recommended no surgical intervention for Cody Kelley's brain abscess, though he knew, or should have known, that Cody Kelley's condition necessitated immediate surgery;

d. Defendant Welsh affirmatively made a decision to follow Defendant Young's recommendation to send Cody Kelley home without the necessary surgery without consulting any neurosurgeon or other physician with the necessary expertise;

e. Defendant Welsh negligently failed to adequately monitor and respond to the medical needs of Cody Kelley, as he sent him home, rather than keeping him in St. Bernards for monitoring and treatment; and

f. Defendant Welsh otherwise failed to adhere to the applicable standard of care for radiologists or similar physicians practicing in Jonesboro, Arkansas or in a similar locality.

50. As to the negligent acts set forth above, they constitute both ordinary negligence and professional negligence and are contrary to the laws of the state of Arkansas as well as contrary to the applicable standard of care for radiologists in this locality or in a similar locality.

### COUNT 4 - Vicarious Liability of Otolaryngology & Facial Surgery Centre of Northeast Arkansas, P.A.

51. At all times complained of herein, Defendants Young and Lewis were principals, agents, owners, and/or employees of the Otolaryngology Centre acting in the scope of their employment therewith.

52. As such, the Otolaryngology Centre is vicariously liable for the negligence and medical negligence committed by Defendants Young and Lewis as complained of herein.

### COUNT 5 - Vicarious Liability of John Doe 1

53. At all times complained of herein, Defendant Young was a principal, agent, owner, and/or employee of John Doe 1 acting in the scope of his employment therewith.

11

54. As such, John Doe 1 is vicariously liable for the negligence and medical negligence committed by Defendant Young as complained of herein.

### COUNT 6 - Vicarious Liability of John Doe 2

55. At all times complained of herein, Defendant Lewis was a principal, agent, owner, and/or employee of John Doe 2 acting in the scope of his employment therewith.

56. As such, John Doe 2 is vicariously liable for the negligence and medical negligence committed by Defendant Lewis as complained of herein.

### COUNT 7 - Vicarious Liability of Associated Radiologists, Ltd.

57. At all times complained of herein, Defendant Welsh was a principal, agent, owner, and/or employee of Associated Radiologits acting in the scope of his employment therewith.

58. As such, Associated Radiologists is vicariously liable for the negligence and medical negligence committed by Defendant Welsh as complained of herein.

### COUNT 8 - Vicarious Liability of John Doe 3

59. At all times complained of herein, Defendant Welsh was a principal, agent, owner, and/or employee of John Doe 3 acting in the scope of his employment therewith.

60. As such, John Doe 3 is vicariously liable for the negligence and medical negligence committed by Defendant Welsh as complained of herein.

### COUNT 9 - Negligence and Medical Malpractice of John Does 5 through 10

61. John Does 5 through 10 were negligent in the following particulars:

    a. John Does 5 through 10 knew, or should have known, subsequent to their review of or briefing regarding the CT scan results, that Cody Kelley needed surgical intervention in order to correct the abscess on his brain and prevent his death;

    b.    Although John Does 5 through 10 knew, or should have known, subsequent to their review of or briefing regarding the CT scan results, that Cody Kelley needed surgical intervention in order to correct the abscess on his brain and prevent his death, John Does 5 through 10 negligently failed to adequately communicate the seriousness of Cody Kelley's condition or the necessity of surgery to Defendant Young or any other physician or medical care provider;

    c.    John Does 5 through 10 recommended no surgical intervention for Cody Kelley's brain abscess, though they knew, or should have known, that Cody Kelley's condition necessitated immediate surgery;

    d.    John Does 5 through 10 affirmatively made a decision to follow Defendant Young's recommendation to send Cody Kelley home without the necessary surgery without consulting any neurosurgeon or other physician with the necessary expertise;

    e.    John Does 5 through 10 negligently failed to adequately monitor and respond to the medical needs of Cody Kelley, as they sent him home, rather than keeping him in St. Bernards for monitoring and treatment; and

    f.    John Does 5 through 10 otherwise failed to adhere to the applicable standard of care for medical care providers practicing in Jonesboro, Arkansas or in a similar locality.

62.    As to the negligent acts set forth above, they constitute both ordinary negligence and professional negligence and are contrary to the laws of the state of Arkansas as well as contrary to the applicable standard of care for medical care providers in this locality or in a similar locality.

### COUNT 10 - Negligence and Medical Malpractice of St. Bernards Behavioral Health Services, Inc., St. Bernards Community Hospital Corporation, St. Bernards Development Foundation, St. Bernards Healthcare, and St. Bernards Healthcare Associated Regional Providers, Inc.

63.    St. Bernards was negligent in the following particulars:

    a.    Though St. Bernards knew or should have known that Cody Kelley needed reliable medical facilities, equipment, and personnel, Defendants failed to provide sufficient hospital facilities, equipment, and personnel, so that Cody Kelley could be treated properly;

13

b. St. Bernards failed to adhere to applicable standards and regulations by not providing adequate medical facilities, equipment, training, and personnel;

c. St. Bernards negligently provided inadequate medical facilities and personnel;

d. St. Bernards treated Cody Kelley under circumstances where proper safeguards did not exist to assure that reasonably prudent medical treatment, supervision, and monitoring would be provided;

e. St. Bernards failed to train its nurses, care providers, technicians, and other employees with the proper policies and procedures to meet the medical, monitoring and supervisory needs of Cody Kelley;

f. St. Bernards negligently supervised the acts of its employees and/or agents;

g. St. Bernards failed to adopt proper procedures, policies, or safeguards to prevent the discharge of patients who are in need of immediate and constant care;

h. St. Bernards failed to otherwise adopt and/or follow policies and procedures which could have been reasonably expected to ensure proper patient treatment, monitoring, and supervision;

i. St. Bernards failed to otherwise adopt and/or follow policies and procedures which would ensure that proper and complete medical documentation occurred during the care of a patient;

j. St. Bernards failed to otherwise exercise that degree of skill and learning ordinarily possessed and used by members of the hospital profession and others engaged in rendering health care in the same or similar locality;

k. St. Bernards failed to act as a reasonable hospital and/or a reasonable person in the same or similar locality would under the same or similar circumstances; and

l. St. Bernards, through the acts and/or omissions of its employees or employees under their supervision, failed to exercise that degree of skill and learning ordinarily possessed and used by members of the hospital profession and others engaged in rendering health care in the same or similar locality.

64. As to the negligent acts set forth above, they constitute both ordinary negligence and professional negligence and are contrary to the laws of the state of Arkansas as well as contrary to the applicable standard of care for a hospital in this locality or in a similar locality.

### COUNT 11 - Vicarious Liability of
### St. Bernards Behavioral Health Services, Inc., St. Bernards
### Community Hospital Corporation, St. Bernards Development
### Foundation, St. Bernards Healthcare, and St. Bernards
### Healthcare Associated Regional Providers, Inc.

65. At all times complained of herein, John Does 5 through 10 were principals, agents, owners, and/or employees of St. Bernards acting in the scope of their employment therewith.

66. As such, St. Bernards is vicariously liable for the negligence and medical negligence committed by John Does 5 through 10 as complained of herein.

### COUNT 12 - Negligence and Medical Malpractice of
### John Doe 4, liability insurance carrier for the St. Bernards Defendants

67. John Doe 4, liability insurance carrier for St. Bernards, is directly liable for all acts and/or omissions of St. Bernards as complained of herein pursuant to Ark. Code Ann. § 23-79-210, which authorizes a direct cause of action against the liability carrier for a nonprofit entity, and said negligent acts and/or omissions of St. Bernards are hereby incorporated and alleged against John Doe 4 as if stated word for word herein.

### V. PROXIMATE CAUSATION

68. As a direct and proximate result of the acts of the Defendants as stated herein, Plaintiff, individually and on behalf of the estate and wrongful death beneficiaries of Cody M. Kelley, has suffered the injuries and damages as set forth herein.

## VI. INJURIES AND COMPENSATORY DAMAGES

69. Cody Kelley left the following people as wrongful death beneficiaries, pursuant to Ark. Code Ann. § 16-62-102:

    a. Molly M. Jones, mother;

    b. William T. Jones, Jr., stepfather;

    c. Timothy Kelley, brother;

    d. Karry Kelley, sister;

    e. Kayla Kelley, sister;

    f. Howard Kelley, Jr., half brother;

    g. Gene Allen Kelley, half brother; and

    h. Robert A. Kelley, half brother.

70. Plaintiff, as special administratrix of the estate of Cody M. Kelley, is entitled to be compensated for:

    a. the reasonable value of Cody Kelley's funeral expenses;

    b. the reasonable and necessary medical and patient care expenses of Cody Kelley attributable to the negligence and/or medical negligence of the Defendants;

    c. the conscious pain and suffering of Cody Kelley prior to his death;

    d. the mental aguish of Cody Kelley prior to his death;

    e. the loss of Cody Kelley's life; and

    f. the loss of Cody Kelley's enjoyment of life prior to his death.

71. Plaintiff, as special administratrix of the estate of Cody Kelley, is entitled to be compensated for the mental anguish personally suffered by her and other statutory wrongful death beneficiaries, including the grief and despair associated with the loss of Cody Kelley.

72. Plaintiff, as special adminsitratrix of the estate of Cody Kelley, is entitled to be compensated for loss of consortium suffered by her and other statutory wrongful death beneficiaries, for the reasonable value of all loss of the services, society, companionship of Cody Kelley proximately caused by the acts of the Defendants.

73. Plaintiff, as special administratrix of the estate of Cody Kelley, is entitled to be compensated for all other elements of damage allowable by law.

## VII. DEMAND FOR JURY TRIAL

74. Plaintiff respectfully requests a trial by jury on all issues of fact.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Molly M. Jones, as Special Administratrix of the Estate of Cody M. Kelley, individually and on behalf of the Estate and wrongful death beneficiaries of Lois Wilson, prays for judgment jointly and severally against Defendants as follows:

75. For a sum sufficient to fully compensate for all injuries and losses, including all special damages, as set forth herein.

76. For pre-judgment interest and post judgment interest at the maximum rate allowed by law.

77. For all other relief to which Plaintiff is entitled by law.

Respectfully submitted,

PLAINTIFF, MOLLY M. JONES, INDIVIDUALLY AND AS SPECIAL ADMINISTRATRIX OF THE

ESTATE OF CODY M. KELLEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE, AND WRONGFUL DEATH BENEFICIARIES OF CODY M. KELLEY

By: /s/ Jeremy Thomas

Robert L. Coleman, Ark. Bar No. 80031
Jeremy M. Thomas, Ark. Bar No. 01136
REID, BURGE, PREVALLET & COLEMAN
417 N. Broadway, P.O. Box 107
Blytheville, AR 72316-0107
Telephone: (870) 763-4586
Fax No: (870) 763-4642

and

Wendell L. Hoskins, II, Ark. Bar No. 93070
LAW OFFICE OF WENDELL L. HOSKINS II
404 Ward Avenue, P.O. Box 1115
Caruthersville, MO 63830
Telephone: (573) 333-2600
Fax No: (573) 333-2041